# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| DAVID REKO HERNANDEZ,<br><br>Petitioner,<br><br>vs.<br><br>TOM GREEN, WARDEN and the ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 12-00107-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**Synopsis**

Petitioner David Hernandez argues he is entitled to federal habeas relief because the State of Montana Board of Pardons and Parole wrongfully denied him parole in May 2011. Mr. Hernandez did not present any of his parole claims to the Montana Supreme Court, so they are likely procedurally barred. It is also clear on the face of the petition that Mr. Hernandez's claims fail on the merits. Mr. Hernandez's petition does not implicate a liberty interest or allege any constitutional error that would entitle him to federal habeas relief. His petition should be denied.

1

**Status**

On December 28, 2012, Mr. Hernandez filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. He is a state prisoner proceeding pro se. The petition is now before the Court for a required preliminary screening.

**Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." Calderon v. United States Dist. Court, 98 F.3d 1102, 1109 (9th Cir. 1996) ("Nicolaus") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). Consideration under Rule 4 "may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases. "[I]t is the duty of the court to screen out

frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Id.; see also 28 U.S.C. § 2243.

## Background

Mr. Hernandez plead guilty to one count of sexual assault and on August 20, 2008, and was sentenced by the 13th District Court in Billings, Montana to 25 years in the custody of the Montana Department of Corrections, with 10 years suspended. As part of his sentencing, he was ordered to complete the following treatment groups: Phases I and II of the Sex Offender Treatment Program, Chemical Dependency, Anger Management, and Cognitive Principle and Restructuring Treatment. CD 2–Brief, p. 1.

Mr. Hernandez completed all court ordered programs before he appeared before the Montana Parole Board on May 25, 2011. CD 2–Brief, p. 1. At that time, he had 120 days clear conduct and recommendations of pre-release from the prescreening committee and treatment staff members. The Parole Board denied his parole application and he was instructed to reappear in five years, to take a polygraph test regarding a misdemeanor sexual assault charge, and to complete Phase III of the Sex Offender Treatment Program. He was told there would be no early consideration. CD 2–Brief, p. 2.

Mr. Hernandez later discovered that a prisoner is not able to complete Phase

III of the Sex Offender Treatment Program while in prison and that the Parole Board's information regarding the misdemeanor sexual assault charge was incorrect. He had his parole file corrected and requested another appearance before the Board. That request was denied. CD2–Brief, p. 3.

## Mr. Hernandez's Claims

Mr. Hernandez alleges the Parole Board made the following errors in denying his parole: (1) failed to recognize his successful completion of all court ordered groups; (2) failed to investigate the false information in his parole file that he was charged with a misdemeanor sexual assault charge; (3) considered his sealed juvenile record; and (4) failed to recognize his judgment and sentencing for the offense. CD 1–Petition.

Mr. Hernandez contends he should be given an immediate opportunity to appear before the Parole Board again and not have to wait five years without the possibility of early consideration. CD 2–Brief, p. 3.

## Analysis

Before seeking federal habeas relief, a petitioner must present the facts and the basis in federal law that comprise the habeas petition to the state courts. Rose v. Lundy, 455 U.S. 509, 520 (1982). The federal court then defers to the state court's resolution of those claims. 28 U.S.C. § 2254(d). Mr. Hernandez did not

4

seek state review of the Parole Board's decision and he has not presented the claims in his federal petition to the Montana Supreme Court. Therefore, it is likely that his claims are procedurally defaulted and would not generally be considered by this Court.

However, a detailed discussion of this potential procedural bar is unnecessary because Mr. Hernandez's claims clearly fail on the merits. See 28 U.S.C. § 2254(b)(2); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983). Merits analysis follows.

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S .C. § 2254(a). Mr. Hernandez's allegations can only be construed as claims of denial of procedural due process and as such, they are without merit.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant asserting a due process violation must first demonstrate that he was

deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011)(per curiam).

Under federal law, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). In Montana, inmates convicted after 1989 do not have a state-created liberty interest in parole. Compare Mont. Code Ann. §§ 46-23-201(1) (2011)(the board may release a prisoner on nonmedical parole "when in the board's opinion there is reasonable probability that a prisoner can be released without detriment to the prisoner or to the community"), -201(5) ("A prisoner may be placed on parole *only* when the board believes that the prisoner is able and willing to fulfill the obligations of a law-abiding citizen.") (emphases added), with Board of Pardons v. Allen, 482 U.S. 369, 377-78 (1987) (holding that previous version of Montana statute, which stated parole "shall" be granted when the Board finds certain facts, "creat[ed] a presumption that parole release will be granted," and so created liberty interest protected by federal due process). Therefore, Mr. Hernandez does not have a liberty interest in parole.

Even if Mr. Hernandez had a liberty interest in parole, he would not be entitled to federal judicial review of the quality of the Board's reasons for denying him parole. Swarthout, 131 S. Ct. at 862. In Swarthout, the Supreme Court rejected a habeas petition challenging the sufficiency of the evidence because there was no Supreme Court holding that imposed an evidentiary sufficiency requirement on prison administrative decisions, such as a parole denial. Here, Mr. Hernandez seeks only to challenge the sufficiency of the evidence upon which his parole was denied. He argues that the Board improperly considered his juvenile record, failed to consider the completion of his treatment groups, failed to recognize his judgment and sentence, and considered incorrect information. CD 1–Petition. In so arguing, Mr. Hernandez asks this Court to engage in the very type of analysis foreclosed by Swarthout.

Swarthout made clear that a prisoner seeking parole receives adequate process when he is allowed an opportunity to be heard and is provided a statement of the reasons why parole was denied. Swarthout, 131 S.Ct. at 862 (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16(1979)). The Constitution does not require more. Id. Mr. Hernandez does not complain that he was deprived of anything he actually was entitled to: notice, Swarthout, 131 S.Ct. at 862, Mont. Admin. R. 20.25.306(1), .401(1); a written statement of reasons, CD

7

2–Brief, p. 2 ("I was given a reason of parole rejection . . . "); Mont. Admin. R. 20.25.401(9); and an opportunity to be heard, see Final Board Dispositions May 2011 at 10, available at http://bopp.mt.gov/dispositions (accessed April 12, 2013)(showing "A" under "Hearing Type," that is, Petitioner appeared in person before the Board)[1], Mont. Admin. R. 20.25.202(7), .401(1)). Those points are "the beginning and the end of the federal habeas courts' inquiry." Swarthout, 131 U.S. at 862.

The petition should be denied.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

---

[1] The court may take judicial notice of matters of public record. Fed. R. Civ. P. 201.

Review of Mr. Hernandez's claims plainly demonstrates that he is not entitled to relief as a matter of law. He does not have a liberty interest in parole and the review he seeks is clearly precluded by <u>Swarthout</u>, 131 S.Ct. 859. The petition presents no open questions and nothing on which reasonable jurists could disagree. The law underlying the claims and their denial is well-established. A certificate of appealability is not warranted.

It is **RECOMMENDED**:

1. The Petition (CD 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &**
**RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Hernandez may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Hernandez files objections, he must itemize each factual finding to

which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Hernandez from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of April, 2013.

                                            /s/ Keith Strong
                                            Keith Strong
                                            United States Magistrate Judge