IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID REKO HERNANDEZ,<br><br>Petitioner,<br><br>vs.<br><br>TOM GREEN, WARDEN and the<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA<br><br>Respondents. | CV 12–107–H–DLC<br><br>ORDER |

United States Magistrate Judge Keith Strong issued findings and recommendations on April 23, 2013. Petitioner David Hernandez has filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). Hernandez again asserts that his due process rights were violated when the Parole Board denied him parole. He also objects to Judge Strong's finding that his claim may be procedurally barred. Because Judge Strong's opinion did not rely on the latter issue and the former is dispositive of this case, only the merits of Hernandez's due process claim are addressed below. For the reasons discussed, the Court adopts Judge Strong's findings and recommendation in full.

Hernandez argues he is entitled to another parole hearing because he has completed all court-ordered programs and the Parole Board considered incorrect information and improperly considered his juvenile record. As Judge Strong found, however, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence." *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). And in Montana, there is no state-created liberty interest in parole. *See Worden v. Mont. Bd. of Pardons & Parole*, 962 P.2d 1157, 1165 (Mont. 1998) (holding that when the Legislature amended the statute in 1989, it eliminated any liberty interest in parole); Mont. Code Ann. § 46-23-201(1) (2011) ("A prisoner *may* be placed on parole only when the board believes that the prisoner is able and willing to fulfill the obligations of a law-abiding citizen.") (emphasis added). A due process claim cannot succeed where there is no constitutional right or protected liberty interest at stake.

Even if Montana recognized a liberty interest in parole, that interest would be significantly limited under the Supreme Court's decision in *Swarthout*. Under *Swarthout*, there is no sufficiency requirement on prison administrative decisions, including parole hearings. Hernandez had the opportunity to be heard by the Parole Board and was provided a statement explaining why his parole was denied. *Swarthout*, 131 S. Ct. at 862 (citation omitted). These factors are "the

beginning and the end of the federal habeas courts' inquiry." *Id.* Hernandez also had the opportunity to correct his parole information and request a new hearing, but his request for reconsideration was denied. Even if there were a liberty interest in parole, Hernandez has not provided any factual information to overcome the legal hurdle posed by *Swarthout*, and none of the cases Hernandez cites change the Court's conclusion that he has failed to assert a liberty interest recognized by the State of Montana or protected under the Federal Constitution.

Accordingly, IT IS ORDERED:

1. Judge Strong's Findings and Recommendations (doc. 4) are ADOPTED in full.

2. Hernandez's petition (doc. 7) is DENIED on the merits.

3. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

4. A certificate of appealability is DENIED because the law underlying Hernandez's claims and their denial is well-established.

Dated this 25th day of June 2013.

Dana L. Christensen, Chief Judge
United States District Court